IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE,

    Petitioner,                    No. CIV S-10-2691 CMK (TEMP) P

    vs.

DON FRANCISCO, et al.

    Respondents.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a civil action on the form for filing a petition writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee and consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c).

        The petition is comprised mainly of allegations against television personality Don Francisco, allegations which are clearly delusional. Petitioner has therefore failed to specify any grounds for relief in his petition. See Rule 2(c), Rules Governing § 2254 Cases.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1  U.S.C. § 1915A(b)(1),(2).

2       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

4  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

8  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

9       Although the court ordinarily grants a petitioner leave to amend an application

10 that on its face states no cognizable claim for relief, in this case it is apparent that, on the facts

11 alleged, petitioner will not be able to state a plausible legal or factual basis on which this court

12 could order the petition served on respondent.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

13 In such circumstances, the court's screening duty requires it to dismiss without leave to amend.

14      In light of the nature of petitioner's allegations, the court will direct the Clerk of

15 Court to send a copy of the petition to counsel for the plaintiff class in <u>Coleman v.</u>

16 <u>Schwarzenegger</u>, No. 2:90-cv-0520 LKK JFM

17      Accordingly, IT IS HEREBY ORDERED that:

18     1.  This action be dismissed without prejudice.

19     2.  The Clerk of the Court is directed to send a copy of petitioner's application

20 together with a copy of this order to Rosen, Bien and Galvan, 315 Montgomery Street, Tenth

21 Floor, San Francisco, CA 94104.

22  DATED:  July 27, 2011

23

24                              _____
                             CRAIG M. KELLISON
                             UNITED STATES MAGISTRATE JUDGE

25

26 hm-dupr2691.ord